**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN F. RICHARDSON,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:18-00222-TFM-N |
| | ) |
| NANCY A. BERRYHILL, *Acting<br>Commissioner of Social Security*,<br>    Defendant. | )<br>)<br>) |

**REPORT AND RECOMMENDATION**

Plaintiff John F. Richardson, proceeding without counsel (or *pro se*) and *in forma pauperis* (*see* Doc. 5), brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*. Upon consideration of the parties' briefs (Docs. 17, 18, 21) and the relevant portions of the administrative record (Doc. 14) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])"), the undersigned finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) (applicable to SSI claims under § 1383(c)(3)), and will recommend as such to the Court.[1]

---

[1]   The assigned District Judge has referred the parties' briefing to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (12/19/2018 electronic reference). The duties the Magistrate Judges of this Court are authorized to perform under the Court's local rules include "[p]rocessing and reviewing all suits instituted under any law of the United States providing for judicial review of final decisions of administrative officers or agencies on the basis of the record of administrative proceedings, and the preparation of a report and recommendation to the District Judge concerning the disposition of the case…" S.D. Ala. GenLR 72(a)(2)(W).

   The undersigned finds that oral argument is not necessary to decide this case.

I.   *Background*

Richardson filed an application for SSI on November 2, 2015, alleging disability beginning that same date.[2] After his application was initially denied, Richardson requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review, which was held on August 7, 2017. On December 14, 2017, the ALJ issued an unfavorable decision on Richardson's application, finding him not disabled under the Social Security Act and thus not entitled to benefits. (*See* R. 13 – 25).

The Commissioner's decision on Richardson's application became final when the Appeals Council denied his request for review of the ALJ's decision on April 21, 2018. (R. 1 – 6). Richardson subsequently filed this action under § 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within

---

(*See* Doc. 7 [Social Security Scheduling Order], ¶ 7 ("Unless waived by the parties, each action will be scheduled for oral argument upon twenty (20) days notice unless it is determined that oral argument is not necessary.")).

[2] "Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 42 U.S.C. § 1382(a)). "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 20 C.F.R. § 416.202–03 (2005)).

sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a     conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*,

703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). *See also McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("We are constrained to conclude that the administrative agency here…reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record.  In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence.  It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").

However, the "substantial evidence" "standard of review applies only to findings of fact.  No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) …  As is plain from the statutory language,

this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)).  This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).  "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260  (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)).  *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for…SSI requires that the claimant be disabled. 42 U.S.C. §…1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §… 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per

curiam) (unpublished).[3]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[4]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination.  Presence or absence of a

---

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[4] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to

the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III.   *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Richardson had not engaged in substantial gainful activity since the alleged disability onset date, November 2, 2015. (R. 18). At Step Two, the ALJ determined that Richardson had the following severe impairments: left side weakness, seizures, and possible borderline intellectual functioning. (R. 18). At Step Three, the ALJ found that Richardson did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in the Listing of Impairments. (R. 19 – 20).

At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Richardson had the RFC "to perform light work as defined in 20 CFR 416.967(b)[5] except that [Richardson] can never climb ladders, ropes or scaffolds[,] must avoid all exposure to open moving machinery and unprotected heights[, and] is limited to simple, routine tasks." (R. 20 – 23).

The ALJ then determined that Richardson had no past relevant work. (R. 23). At Step Five, after considering testimony from a vocational expert,[6] the ALJ found that there exist a significant number of jobs in the national economy that Richardson could perform given his RFC, age, education, and work experience. (R. 23 – 24). Thus, the ALJ found that Richardson was not disabled under the Social Security Act. (R. 24).

### IV. *Analysis*

Under paragraph 3 of the Court's Social Security Scheduling Order (Doc. 7),

---

[5] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations ... Each classification ... has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. § 416.967.

[6] "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

Richardson was required to "file, and serve on opposing counsel, a Brief and Fact Sheet which lists the specific errors upon which plaintiff seeks reversal of the Commissioner's decision" "[w]ithin thirty (30) days of the [Commissioner's] filing of the transcript[ of the administrative proceedings] and answer…" After Richardson failed to do so by the initial deadline, the undersigned *sua sponte* extended that deadline to October 31, 2018. (*See* Doc. 16).  On October 9, 2018, Richardson filed with the Court (1) a form Fact Sheet completed by hand (Doc. 17), and (2) a letter from Dr. Agatha Asuru of Franklin Primary Medical Center, dated June 23, 2017 (Doc. 18).  To date, the Court has received no other substantive filings from Richardson.[7]

Given that a "document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted), the undersigned notified Richardson that she was "constru[ing] the Franklin Primary letter (Doc. 18) as the Plaintiff's 'Brief' raising the argument that the Commissioner failed to properly consider the letter in the Plaintiff's administrative proceedings" and set a deadline for the Commissioner to file a brief addressing that construed argument.  (*See* Doc. 20 at 2).  The Commissioner timely complied (*see* Doc. 21), and Richardson has raised no objection to the manner in which his filings have been construed.

The June 23, 2017 Franklin Primary letter states, in its entirety:

---

[7] On October 10, 2018, Richardson filed with the Court a receipt from the U.S. Postal Service indicating that something was mailed on that date with the tracking number 9505 5108 5251 8283 1481 56. (Doc. 19). As of the date of this recommendation, the USPS's online package tracking tool (https://tools.usps.com/go/TrackConfirmAction_input) returns "information available soon" for that tracking number.  However, to date the Court has not received anything else from the Plaintiff since the receipt was filed.  Richardson was previously made aware of this (*see* Doc. 20 at 2) but has not attempted to submit anything else to the Court.

> To Whom it May Concern: John Richardson is followed in our clinic for post traumatic intracranial injury and hemorrhage with residual L-sided weakness. He also has epilepsy following this intracranial injury/hemorrhage. He has mild retardation at baseline superimposed with probable ADHD. These conditions limits [sic] his ability to be employed. He is in the process of apply [sic] for disability and I will appreciate any assistance you can give time [sic] If you require additional information please contact our office…

(Doc. 18). The Franklin Primary letter is already included in the administrative record that was considered by the ALJ (R. 400) and is part of what has been designated in the record as Exhibit D11F (R. 397 – 400). At Step Four, in discussing the medical opinion evidence of record,[8] the ALJ addressed Exhibit D11F as follows:

---

[8] Evidence considered by the Commissioner in making a disability determination may include medical opinions. *See* 20 C.F.R. § 416.927(a)(2). " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)). "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. These factors apply to both examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citation omitted). While "the ALJ is not required to explicitly address each of those factors[,]" *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) (per curiam) (unpublished), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.
    On January 18, 2017, the SSA substantially revised the regulations governing

> On July 2, 2017, the claimant's primary care provider made a number of findings related to the claimant's work related functioning including that he could lift up to 10 pounds occasionally and sit, stand and walk for a total of one hour each in an eight-hour day. Exhibit D11F. This provider further indicated that physical activity, such as walking would greatly increase the claimant's pain to such a degree as to cause distraction from task or total abandonment of task. There is no objective evidence in the records from this provider that supports any type of problem that would cause such an extreme limitation. This statement is given no weight since objective medical records from the same source do not support it.

(R. 23).

The ALJ appears to have treated Exhibit D11F as the medical opinion of a treating source. "Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.' " *Id.* (quoting *Lewis*, 125 F.3d at 1440). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.' With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41) (internal citation omitted). *See also, e.g.*, *Bloodsworth*, 703 F.2d at 1240 ("[T]he opinion of a treating physician may be rejected when it is so brief and conclusory that it lacks persuasive weight or where it is unsubstantiated by any clinical or laboratory findings…Further, the [Commissioner] may reject the opinion of any physician when the evidence supports a contrary conclusion."). Failure to clearly articulate the reasons for giving less than substantial or considerable weight to the

---

how the Commissioner considers medical opinions. However, those revisions apply only to claims filed on or after March 27, 2017, and are therefore inapplicable to Richardson's present application. *See* 20 C.F.R. § 416.920c.

opinion of a treating physician "constitutes reversible error." *Lewis*, 125 F.3d at 1440. "But if an ALJ articulates specific reasons for declining to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 861 (11th Cir. 2017) (per curiam) (unpublished) (citing *Moore*, 405 F.3d at 1212). *Accord Huigens v. Soc. Sec. Admin., Comm'r*, 718 F. App'x 841, 844 (11th Cir. 2017) (per curiam) (unpublished).

As the Commissioner's brief correctly notes, the June 23, 2017 letter does not provide any specific limitations on Richardson's ability to work, instead briefly asserting that his impairments limit his ability to be employed. (R. 400). Such conclusory statements "are not medical opinions,…but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability…A statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled" and is not given "any special significance…" 20 C.F.R. § 416.927(d). *See also Romeo v. Comm'r of Soc. Sec.*, 686 F. App'x 731, 733 (11th Cir. 2017) (per curiam) (unpublished) ("A medical opinion that a claimant is disabled constitutes an opinion on an issue reserved to the Commissioner and is not controlling."); *Williams v. Acting Com'r of Soc. Sec.*, 649 F. App'x 1000, 1002 (11th Cir. 2016) (per curiam) (unpublished) ("Ordinarily, a treating physician's opinion would be entitled to considerable weight, but the ALJ had good cause to discount Dr. Grauer's opinion…First, to the extent that Dr. Grauer purported to declare Williams 'fully disabled,' this was not a medical

opinion entitled to special significance, but rather a conclusory legal judgment on issues reserved to the Commissioner." (citation and quotation omitted)); *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834 (11th Cir. 2011) (per curiam) (unpublished) ("A doctor's opinion on dispositive issues reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is not given special weight, even if it is offered by a treating source, but the ALJ should still consider the opinion."). While the treating provider also lists diagnoses of various conditions that she believes limit Richardson's ability to work, the ALJ appears to have considered them in his decision, and "the mere existence of these impairments does not reveal the extent to which they limit [Richardson's] ability to work…" *Moore*, 405 F.3d at 1213 n.6.

Nevertheless, having considered the ALJ's decision as a whole, the undersigned finds that the ALJ reversibly erred by failing to carry out his duty to develop a full and fair record. "[A] hearing before an ALJ is not an adversary proceeding…" *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). Thus, "[w]hen an unrepresented claimant unfamiliar with administrative hearing procedures appears before an ALJ, the ALJ is under an obligation to develop a full and fair record; *i.e.* the record must disclose that there has been a full and fair hearing." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (per curiam). *See also Cowart*, 662 F.2d at 735 ("[T]he ALJ has a basic obligation to develop a full and fair record. This obligation exists even if the claimant is represented by counsel, or has waived the right to representation…" (citation omitted); *Graham*, 129 F.3d at 1422–23 ("Because a hearing before an ALJ is not an adversary

proceeding, the ALJ has a basic obligation to develop a full and fair record." (citing *Cowart*, 662 F.2d at 735)).[9] Nevertheless, "a showing of prejudice must be made before [a court] will find that a hearing violated claimant's rights of due process and requires a remand to the [Commissioner] for reconsideration. This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley*, 761 F.2d at 1540.

The administrative record before the ALJ contained medical records that both pre-dated (*see* R. 222 – 374, Administrative Exhibits D1F through D5F) and post-dated (*see* R. 375 – 426, Administrative Exhibits D6F through D12F) the November 2, 2015 disability onset date. However, a review of the ALJ's decision indicates that the ALJ only cited and discussed those medical records that post-dated the onset date. Evidence that pre-dates a claimant's disability onset date can still be relevant and must be considered by an ALJ.[10] This is particularly true in considering the opinions of treating

---

[9] The administrative record indicates that Richardson was represented by two attorney representatives at different times during his administrative proceedings but that both had withdrawn from representation prior to the ALJ hearing, with the second withdrawing on August 3, 2017, four days prior to the ALJ hearing. (*See* R. 111, 120). Richardson appeared at the hearing and, after being questioned by the ALJ, elected to proceed with the hearing that day without a representative, rather than postpone the hearing to allow him time to obtain a new one. (*See* R. 32 – 33, 409). Richardson's mother also appeared at the hearing and offered testimony. (*See* R. 23).

Because the undersigned finds that the ALJ breached the duty owed to all Social Security claimants to develop a full and fair record, the undersigned need not determine whether the ALJ validly determined that Richardson waived his right to representation at the hearing. *See Graham*, 129 F.3d at 1422 ("where the right to representation has not been waived, the hearing examiner's obligation to develop a full and fair record rises to a special duty").

[10] *Cf. Douglas v. Comm'r of Soc. Sec.*, 486 F. App'x 72, 75 (11th Cir. 2012) (per curiam) (unpublished) ("The ALJ considered the evidence concerning the intensity, persistence,

physicians, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations…" 20 C.F.R. § 416.927(c)(2).  The medical records that pre-dated the onset date included records from Franklin Primary dated September 2008 through October 2012.  (*See* R. 240 – 259, Administrative Ex. D4F).

In light of the ALJ's failure to reference or discuss the record evidence pre-dating Richardson's disability onset date, particularly the Franklin Primary records (which span a four-year portion of Richardson's treatment history with that health care provider), the undersigned is unable to conclude that the ALJ's decision – in particular, the sole reason given for rejecting the medical opinion of Richardson's Franklin Primary treating physician, that "objective medical records from the same source do not support it"[11] – is rational and supported by substantial evidence.  *See Cowart*, 662 F.2d at 735 ("Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his

---

and functionally limiting effects of Douglas's symptoms, as well as medical signs and laboratory findings, when evaluating Douglas's credibility. See 20 C.F.R. § 404.1529. He properly applied this circuit's pain standard, taking into account evidence during the relevant period. **He also considered evidence from before and after the relevant period that would have bearing on Douglas's disability during the relevant time.** The ALJ then properly found that no objective evidence indicated that Douglas was disabled between April and December of 1999 and that Douglas's subjective claims of pain were not credible. Substantial evidence supports the ALJ's findings." (emphasis added)).

[11] The ALJ also rejected the medical opinion of a consultative examining physician because it was not supported by the records of Richardson's "treating providers…" (R. 23).  However, in making that determination, the ALJ cited only to the Franklin Primary records that post-dated the disability onset date.  (*See id.*).

decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." (quotation omitted)); *McCruter*, 791 F.2d at 1548 (the Commissioner's "review must take into account and evaluate the record as a whole"); *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 765 (11th Cir. 2014) (per curiam) (unpublished) ("It is insufficient for an ALJ to state that he considered all of the evidence when he does not indicate what weight was accorded to the evidence considered." (citing *Cowart*, 662 F.2d at 735; *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985) ("The ALJ has simply not indicated what legal standards were applied or what weight was accorded the evidence considered. His statement that he 'has carefully considered all the testimony at the hearing, the arguments made, and the documents described in the List of Exhibits' is not enough."))).

Because the ALJ failed to carry out his duty to develop a full and fair record, and because that failure prejudiced Richardson, the Commissioner's final decision denying him benefits is due to be **REVERSED** and **REMANDED** to the Commissioner under sentence four of § 405(g).[12]

---

[12] The United States Supreme Court has cautioned that a court reviewing an agency decision "is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (citation and quotations omitted). In the context of Social Security judicial review specifically, the Eleventh Circuit has recognized that generally remand to the Commissioner for further proceedings is warranted where "the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). While this Court may enter an order "awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt[,]" *id.,* here the Commissioner erred by failing to consider all essential evidence. *See also Hunter v. Soc. Sec. Admin.,*

### V.   *Conclusion and Recommendation*

Under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(W), and in accordance with the foregoing analysis, it is **RECOMMENDED** that the Commissioner's final decision denying Richardson's November 2, 2015 application for SSI be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this decision, and that final judgment be issued accordingly under Federal Rule of Civil Procedure 58.[13]

**DONE** this the 20th day of March 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

*Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."). Accordingly, remand for further proceedings is the appropriate course of action.

[13] A remand under sentence four of § 405(g) terminates this Court's jurisdiction over this matter, and makes Richardson a "prevailing" party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.